UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 05-CV-062-JHP-FHM |
| JEFFREY A. BRADLEY and ROBERT L. MARTIN, | ) ) ) ) | |
| Defendants. | ) | |

### ORDER and OPINION

In this case, Plaintiff U.S. Commodity Futures Trading Commission (CFTC) asserts that Defendant Robert L. Martin violated the Commodity Exchange Act, 7 U.S.C. §§ 9, 13(a)(2), and 13(b), because he "knowingly delivered or caused to be delivered . . . false or misleading or knowingly inaccurate reports concerning natural gas transactions to industry reporting firms that calculated and reported the index price of natural gas" [Compl. ¶ 52], and that he did so "with the intent to manipulate the price of natural gas" [Compl. ¶ 58].[1]  Martin counters that the Complaint contains only a single reference to conduct purportedly involving Martin, to wit, an

---

[1] In order to prevail under §§ 9 and 13(b), the CFTC must show "an intent to affect the market price of the commodity and some overt act in furtherance of that intent." In re Hohenberg Bros., CFTC Dkt. No. 75-4, 1977 WL 13562 at *7 (CFTC Feb. 18, 1977).  In order to prevail under § 13(a)(2) the CFTC must establish that Defendant "knowingly delivered or caused to be delivered in interstate commerce . . . false or misleading or knowingly inaccurate reports concerning market information or conditions that affect the price of any commodity in interstate commerce." Utesch v. Dittmer, 947 F.2d 321, 325 (8th Cir. 1991); *see also* 7 U.S.C. § 13(a)(2).  Although Defendant argues that certain elements of these claims cannot be established, such that summary judgment would be appropriate, the Court finds otherwise.  *See* Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986) (finding that summary judgment may be appropriate if any element of the prima facie case lacks sufficient evidence to require submission to a jury).

1

allegation that, on one occasion, Martin provided co-Defendant Jeffrey A. Bradley with fictitious market information which Bradley then passed on in a Monthly Price Report to a natural gas reporting firm.  Martin denies that he had any role in preparing the Monthly Price Report at issue, or that he ever reviewed it or discussed its contents with anyone, such that Martin can have no liability under the Commodity Exchange Act for the submission of the Report to natural gas reporting firms, and Martin is entitled to summary judgment.  Currently at issue is Martin's Motion for Summary Judgment, as well as Plaintiff's Response in opposition, and Defendant's Reply thereto.  Upon careful consideration of these pleadings, and for reasons stated herein, Defendant's Motion is DENIED.

Summary judgment is proper where the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).  In making the summary judgment determination, the Court examines the factual record and draws reasonable inferences therefrom in the light most favorable to the non-moving party.  <u>Simms v. Oklahoma</u>, 165 F.3d 1321, 1326 (10th Cir. 1999).  The presence of a genuine issue of material fact defeats the motion.  An issue is "genuine" if the evidence is significantly probative or more than merely colorable such that a jury could reasonably return a verdict for the nonmoving party.  <u>Anderson v. Liberty Lobby</u>, 477 U.S. at 248.  A fact is "material" if proof thereof might affect the outcome of the lawsuit as assessed from the controlling substantive law.  <u>Id</u>. at 249.

In the Motion currently at issue, Defendant relies primarily on a characterization of the facts he first propounded in his Motion to Dismiss [Dkt. #23], which the Court rejected in a

previous Order as "disingenuous, at best" [Dkt. #47].  Here, the Court notes that Defendant's attempt to divorce the facts from their context fails to overcome the parties' dispute as to the substance of the facts.  The Court further notes that Defendant's version of the facts is supported by nothing more than his own affidavit, and that of co-Defendant Bradley, which support is generally considered to be insufficient.  *See, e.g.*, Murray v. City of Sapulpa, 45 F.3d 1417, 1422 (10th Cir. 1995) ("To survive summary judgment, nonmovant's affidavits must be based upon personal knowledge and set forth facts that would be admissible in evidence; conclusory and self-serving affidavits are not sufficient.") (quoting Hall v. Bellmon, 935 F.2d 1106, 1111 (10th Cir. 1991) (internal quotations omitted)).  *But see* Larry Harmon Pictures Corp. v. Williams Restaurant Corp., 929 F.2d 662, 663 n.1 (Fed. Cir. 1991) (finding an argument that affidavit was self-serving to be "insufficient to raise a genuine issue of material fact where there is an absence of probative evidence conflicting with the evidence presented by [affiant]").  Finally, because "the credibility and demeanor of the witnesses is often the most telling part of the evidence," the Court finds that summary judgment would be inappropriate at this juncture.  *See* In re Hohenberg Bros., 1977 WL 13562 at *7 (quoting Great Western Food Distrib., Inc. v. Brannan, 201 F.2d 476, 479 (7th Cir. 1953) (internal quotations and alterations omitted)); *see also* Nat'l Aviation Underwriters v. Altus Flying Serv., 555 F.2d 778, 784 (10th Cir. 1977) (ruling that summary judgment should not be based on the deposition or affidavit of an interested party as to facts known only to him "where the demeanor evidence might serve as real evidence to persuade the trier of fact to reject his testimony"); Sorrentino v. IRS, 383 F.3d 1187, 1198 (10th Cir. 2004) ("The self-serving quality of the testimony goes to its credibility, which is to be judged by the trier of fact. Credibility determinations are not to be made at summary judgment . . . .")

(Seymour, J., dissenting).

Specifically, Defendant argues that he was asked to provide "any indication" of pricing, and that actual transaction information was not required, so he did nothing wrong. Defendant complains that "the CFTC refuses to identify the offending conduct [but i]nstead, the Commission speciously asserts that Martin's actionable conduct can only be gleaned from an 'in context' review of the entire telephone conversation between Martin and Bradley." [Def. Mtn. at 10, ¶ 26.] However, it is indeed the very context of this conversation which gives rise to the genuine disputes of material facts in this case, *e.g.*, whether Defendant was asked to provide "any indication" of pricing, or whether Defendant was knowingly "mak[ing] up some numbers" for the Report. [*See* Pltf. Resp. at 4-5 (reproducing transcript of telephone conversation attached to Def. Mtn. as Ex. H).]   Defendant's Motion is therefore DENIED.

IT IS SO ORDERED this 20th day of July 2006.

_____
James H. Payne
United States District Judge
Northern District of Oklahoma