IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| U.S. COMMODITIES FUTURES TRADING COMMISSION, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) Case No. 05-CV-62-JHP-FHM |
| JEFFREY A. BRADLEY and ROBERT L. MARTIN, | ) ) ) |
| Defendants. | ) ) |

## ORDER AND OPINION

Before the Court is Defendant Robert L. Martin's Objection and Appeal from the Magistrate Judge's Order Granting Protective Order (Docket No. 223), Plaintiff U.S. Commodities Futures Trading Commission's Response in opposition (Docket No. 226), and Defendant Martin's Reply thereto (Docket No. 236). For the reasons set forth below, Defendant Martin's Appeal is OVERRULED and the Magistrate Judge's Order (Docket No. 212) is AFFIRMED.

## Background

This case involves claims brought against Defendants Jeffrey A. Bradley and Robert L. Martin pursuant to 7 U.S.C. § 13a-1 for false reporting and attempted manipulation of natural gas price indexes in violation of 7 U.S.C. §§ 9, 13(a)(2), and 13b by the Plaintiff U.S. Commodities Futures Trading Commission. On October 5, 2005, counsel for Defendant Martin took the deposition of Plaintiff's representative pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, concerning, among other topics, "[t]he factual basis for the allegations of the Complaint insofar as they relate to the alleged conduct of [Defendant] Martin" and "[t]he factual basis for [Plaintiff's] requested relief from [Defendant] Martin, including the request for a

permanent injunction, civil monetary penalties and disgorgement." (Pl.'s Mot. Ex. 4 at 3.)

Subsequently, on February 9, 2007, counsel for Defendant Martin issued a second notice of deposition to Plaintiff. In this new notice, counsel for Defendant Martin expressed the intent to depose Plaintiff's 30(b)(6) representative on February 22, 2007, about "[t]he legal and factual basis for the claim by [Plaintiff] that the alleged conduct of Defendants is governed by the Commodity Exchange Act" and "[t]he administrative procedure[s] outlined in 7 U.S.C. §[§] 9 [and 13b] concerning alleged violations of the CEA and the failure of [Plaintiff] to follow the statutory procedure[s] with respect to the conduct which is the subject of the Complaint." (Pl.'s Mot. Ex. 1 at 3.)

On February 15, 2007, Plaintiff filed its Motion for Protective Order relating to Defendant Martin's second notice of deposition. Plaintiff challenged the new notice of deposition on the basis that it sought information that was either irrelevant or duplicative of prior discovery and requested that the Court either disallow the second deposition of its 30(b)(6) representative or limit the scope of discovery. In his Response, Defendant Martin argued that deposition topics were indeed relevant to claims and defenses pending before the Court and that it should be permitted to take this deposition over this "new subject matter." (Def.'s Resp. 2.)

After holding an expedited hearing on February 16, 2007 on Plaintiff's Motion for Protective Order with regard to Defendant Martin's proposed Notice of Deposition, as well as a similar motion with relating to a notice of deposition issued by Defendant Bradley, Magistrate Judge Frank H. McCarthy issued his February 20, 2007 Order granting Plaintiff's Motion with respect to Defendant Martin's February 9, 2007 Notice of Deposition. Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1)(A), Defendant Martin filed an appeal of the Magistrate Judge's Order.

**Discussion**

With certain enumerated exceptions not relevant in this case, "a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court." 28 U.S.C. § 636(b)(1)(A). Nevertheless, "[a] judge of the court may reconsider any pretrial matter...where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." *Id*. Similarly, Rule 72(a) of the Federal Rules of Civil Procedure provides that "[a] magistrate judge to whom a pretrial matter not dispositive of a claim or defense of a party is referred to hear and determine shall promptly conduct such proceedings as are required and when appropriate enter into the record a written order setting forth the disposition of the matter." Rule 72(a) gives the parties 10 days from service of the magistrate judge's order in which to "serve and file objections to the order." *Id*. If an objection is filed, "[t]he district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." *Id*. "The clearly erroneous standard...requires that the reviewing court affirm unless it 'on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Ocelot Oil Corp. v. Sparrow Industries*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

Defendant Martin contends the Magistrate Judge's Order is clearly erroneous or contrary to law because it prevented Defendant Martin from conducting discovery into the jurisdictional facts underlying Plaintiff's claims against him and the factual and legal basis for Plaintiff's failure to pursue the administrative procedures outlined in 7 U.S.C. §§ 9 and 13b before bringing suit against Defendant Martin in this Court. In addition, Defendant Martin seeks leave of this Court to take an additional deposition of Plaintiff as to new subject matter. The Court addresses

these issues separately.

### A.  Jurisdiction

Regarding Defendant Martin's first proposed topic for its second 30(b)(6) deposition—the legal and factual basis for Plaintiff's claim that the alleged conduct of Defendants is governed by the CEA—the Magistrate Judge found that "[t]his topic is essentially the same as Defendant Bradley's [t]opic...concerning the legal basis for Plaintiff's claim of jurisdiction." (Order at 5.)  As the Magistrate Judge had previously noted with regard to Defendant Bradley's proposed deposition, "[t]he legal basis for Plaintiff's claims, particularly the legal basis for asserting jurisdiction over this type of case, is not a proper topic for a 30(b)(6) deposition" because "[t]he Court has previously addressed the issue of jurisdiction and...Plaintiff's position is set forth in the briefs filed in the case." (Order at 2.)  In addition, although the Magistrate Judge's Order permitted Defendant Bradley to depose Plaintiff's 30(b)(6) designee on the factual basis for jurisdiction, the Magistrate Judge concluded that Defendant Martin, who had already conducted one such deposition, "ha[d] not demonstrated the need to conduct a second deposition to obtain this [factual] information." (Order at 5.)

In contrast, Defendant Martin argues that "[w]hether the conduct of...Defendants which is the subject of the Complaint is governed by the [CEA]...has not been resolved by final unappealable judgment." (Def.'s Appeal at 4.)  As such, Defendant Martin asserts that he is "entitled to explore the basis for the Commission's contention that [Defendant Martin's] alleged conduct implicates the futures market over which [Plaintiff] has jurisdiction." (Def.'s Appeal at 4)  Instead, Defendant Martin contends that "[t]he Magistrate Judge's...Order precludes [Defendant] Martin from conducting discovery of 'jurisdictional facts' in contravention of the broad discovery afforded to all parties under Fed. R. Civ. P. 26." (Def.'s Appeal at 4.)

In spite of Defendant Martin's arguments, upon review the Court finds the Magistrate Judge's disposition of this issue to be neither clearly erroneous nor contrary to law. In its Order of August 1, 2005, the Court previously addressed and rejected Defendants' contention that "their allegedly illegal activities regarding the submission of reports about natural gas transactions are excluded under the CEA." (Order at 7.) Indeed, Defendant Martin concedes that "this Court has previously determined that the allegations of the Complaint are sufficient to avoid dismissal." (Def.'s Appeal at 3.) Thus, to the extent that Defendant Martin seeks additional discovery relating to the legal basis for Plaintiff's contention that Defendant Martin's alleged illegal conduct is governed by the CEA, the Court agrees with the Magistrate Judge that such discovery is not a proper topic for a 30(b)(6) deposition.

As for the factual basis for Plaintiff's assertion of jurisdiction in this matter, the Magistrate Judge's Order does not suggest that such discovery itself is improper. Indeed, the Magistrate Judge explicitly found with regard to Defendant Bradley's proposed deposition that "[t]he factual basis for Plaintiff's claims" (Order at 1), presumably including the factual basis for Plaintiff's assertion of jurisdiction over the alleged illegal conduct of Defendants, "is a proper topic for a 30(b)(6) deposition" (Order at 1). Instead, with regard to Defendant Martin, the Magistrate Judge simply found that "[t]o the extent this topic requests information of a factual nature, Defendant Martin has not demonstrated the need to conduct a second deposition to obtain this information." (Order at 5.) Having reviewed the arguments presented, the Court is left with no "definite and firm conviction" that the Magistrate Judge committed a mistake in disallowing Defendant Martin to take a second 30(b)(6) deposition relating to matters subject to discovery during his prior deposition.

  **B.**  **7 U.S.C. §§ 9 and 13(b)**

Regarding Defendant Martin's second and third proposed topics for its second 30(b)(6) deposition—Plaintiff's failure to follow the administrative procedures outlined in 7 U.S.C. §§ 9 and 13b with respect to Defendant's alleged misconduct—the Magistrate Judge found that "this is not a proper area of discovery for a 30(b)(6) deposition" because "[t]here is no suggestion that the Plaintiff was required to use the[se] procedure[s]."  (Order at 5.)  As such, "[t]o the extent Defendant Martin seeks discovery as to why the Plaintiff did not use [these] procedure[s], that area is both irrelevant and privileged or protected from discovery."  (Order at 5.)

For his part, Defendant Martin contends that Plaintiff "relies on Sections 9 and 13b in no less than five (5) paragraphs of the Complaint."  (Def.'s Appeal at 5.)  Thus, Defendant Martin contends that he "should be afforded the opportunity to explore the legal and factual basis for the reliance on [these sections] in the Complaint given that [they] outline[] a purely administrative disciplinary proceeding."  (Def.'s Appeal at 6.)  In addition, Defendant Martin asserts that he "is entitled to develop evidence...which may be introduced at trial concerning the fact that [Plaintiff] never elected to utilize this [administrative] procedure with respect to [Defendant] Martin's alleged conduct.  (Def.'s Appeal at 6.)

Unfortunately, Defendant Martin appears to misconstrue the nature of Plaintiff's Complaint and, therefore, the reasoning behind the Magistrate Judge's Order.   Although Plaintiff's Complaint does indeed allege that Defendants' conduct *violates* 7 U.S.C. §§ 9 and 13b, Plaintiff's Complaint also clearly indicates that Plaintiff is *bringing this action* "pursuant to Section 6c of the [CEA], 7 U.S.C. § 13a-1...to enjoin such acts and practices and compel Defendants' compliance with the [CEA]."  (Pl.'s Compl. ¶ 11.)  This section, in turn, provides:

> Whenever it shall appear to the Commission that any registered entity or other person has engaged, is engaging, or is about to engage in *any act or practice constituting a violation of any provision of this chapter*...the Commission may bring an action in the proper district court of the United States...to enjoin such act or practice, or to enforce

compliance with this chapter.

7 U.S.C. § 13a-1(a) (emphasis added).  The Court notes that nothing in § 13a-1 requires Plaintiff to exhaust any administrative procedures prior to bringing an action to enjoin individuals or entities from acting in violation of the other provisions of the CEA.  Indeed, in his Reply, Defendant Martin admits that he "does not contend that [Plaintiff] is required as a matter of law to first initiate an administrative proceeding and seek a cease and desist order before seeking a civil penalty or permanent injunction."  (Def.'s Reply at 4.)

However, it is precisely because Plaintiff elected to bring its action against Defendants under § 13a-1 rather than under § 9 or § 13b that the Magistrate Judge concluded that the use of the administrative procedures outlined in the latter sections is irrelevant to this case.  Defendant Martin offers no explanation as to how, absent any argument that Plaintiff is somehow required to use them before instituting a civil action, "the available [administrative] procedure[s] and the fact that [they were] not utilized with respect to [Defendant] Martin's isolated conduct" (Def.'s Reply at 4) has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence," Fed. R. Evid. 401, or is likely to lead to such evidence that would.  The Court therefore concludes that the Magistrate Judge's entry of a protective order prohibiting Defendant Martin from deposing Plaintiff's 30(b)(6) designee on these topic is neither clearly erroneous or contrary to law.

### C.  Additional 30(b)(6) Deposition

Finally, Defendant Martin requests "leave to take a limited additional deposition of [Plaintiff]."  (Def.'s Appeal at 7.)  According to Defendant Martin, "[t]he deposition will not be burdensome and...will be directed to subject areas which were not addressed during the

deposition taken on October 5, 2005." (Def.'s Appeal at 7.) From its reference to its Notice of Deposition of February, 2007, it is clear that Defendant Martin is seeking leave from this Court to take an additional deposition of Plaintiff's 30(b)(6) designee on precisely those topics that are the subject of the Magistrate Judge's Order currently at issue. Given the Court's reasoning above upholding the Magistrate Judge's Order and the fact that discovery in this case has now closed, the Court sees no reason to permit an additional 30(b)(6) deposition upon the topics listed above.

## Conclusion

For the reasons set forth above, Defendant Robert L. Martin's Objection and Appeal from the Magistrate Judge's Order Granting Plaintiff's Motion for Protective Order (Docket No. 223) is hereby OVERRULED and the Magistrate Judge's Order (Docket No. 212) is AFFIRMED.

IT IS SO ORDERED this 22nd day of March, 2007.

James H. Payne
United States District Judge
Northern District of Oklahoma