UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 05-CV-62-JHP-FHM ) |
| JEFFREY A. BRADLEY and ROBERT L. MARTIN, | ) ) ) ) |
| Defendants. | ) |

**DEFENDANT ROBERT L. MARTIN'S RESPONSE TO PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE CONCERNING (1) TWO BILLS PROPOSED IN THE HOUSE OF REPRESENTATIVES IN 2006 AND 2007; (2) CONGRESSIONAL TESTIMONY BY THE COMMISSION CHAIRMAN; AND (3) THE JURISDICTIONAL BASIS OF THE CASE**

Defendant Robert L. Martin ("Martin") submits this response to Plaintiff's Motion *in Limine* (Dkt. #232), filed March 19, 2007. For the reasons stated below, Martin does not object to parts (1) and (2) of Plaintiff's Motion in *Limine* related to two bills proposed in the House of Representatives in 2006 and 2007 and the Congressional testimony by the Commission Chairman, but does maintain that evidence related to the Commission's jurisdiction is highly relevant and admissible.

**ARGUMENT**

**I.    No Objection To Parts (1) and (2) of Motion *in Limine***

Martin has no intention to introduce evidence related to the two bills pending in the House of Representatives. Without stipulating to the relevance of these two bills to the issues in this case, Martin submits that he will not seek to admit evidence concerning two specific pieces of legislation . . . known as the "PUMP Act" (hereinafter, "PUMP Act Evidence"). Similarly, without stipulating to the relevance of Congressional testimony by the Commission's Chairman (hereinafter,

"Congressional Testimony"), Martin submits that he will not seek to admit evidence concerning this Congressional Testimony.

Martin's agreement not to seek admission of PUMP Act Evidence or Congressional Testimony does not, in any way, constitute an admission to assertions contained in the Plaintiff's Motion *in Limine*, including, without limitation, self-serving speculation and characterizations such as: (1) "defendants' other apparent purpose in obtaining testimony about the PUMP Act was to elicit evidence regarding whether the 2007 bill reflects a Congressman's view of the Commission's jurisdiction that is somehow contrary to the position that the Commission has taken in this case since February 2005" (Motion *in Limine*, dkt. #232, p.4); (2) "the Commission had nothing to do with the introduction of the bills, and has not taken a position on the bills" (*Id.*, p.3); (3) "Obviously, the bills are without the force of law, and are irrelevant to any factual issue in this case on that basis alone" (*Id.*).

## II. Martin Objects to Commission's Attempt to Exclude All Evidence Relating to its Alleged Jurisdiction

The Commission has asked this Court to issue an order barring Martin from introducing any evidence in support of his rejected jurisdictional argument. Martin has no intention to re-assert the narrow jurisdictional argument that this Court rejected in August 2005. However, Martin vigorously objects to the Commission's attempt to avoid having to prove the basis of its jurisdiction and its attempt to exclude evidence and argument related to jurisdictional issues not previously considered by this Court.

The Commission's stated basis for its assertion of jurisdiction is 7 U.S.C. §§ 9, 13b, and 13(a)(2), which relate to attempted manipulation concerning "the market price of any commodity,

in interstate commerce or for future delivery on or subject to the rules of any registered entity." (Response to Robert L. Martin's Objection and Appeal from the Magistrate Judge's Order Granting Protective Order, dkt. #226, p. 4). In addition, an attorney for the Commission has represented that the "factual basis of the Commission's jurisdiction" is that Martin participated in "the delivery of false, misleading or knowingly inaccurate reports concerning crop or market information or conditions that affect or tend to affect the price of any commodity in interstate commerce." (Letter, dated Feb. 12, 2007, from James Garcia to Thomas M. Ladner, p. 1, attached hereto as Exhibit A). As a result, at trial, the Commission must prove facts sufficient to support these assertions and show that Martin's alleged actions had a connection to natural gas futures markets and that the information contained in the report at issue affected or tended to affect the price of natural gas in interstate commerce. (Opposed Proposed Jury Instructions, dkt. #245, p. 14). Plainly, evidence and argument relating to the factual basis of the Commission's jurisdiction is relevant and should be admitted.

Throughout discovery, the Commission has known that it must provide evidence to support its factual basis for jurisdiction. The Commission's awareness of its burden of proof is demonstrated by the fact that its expert's proffered report is largely concerned with bolstering the Commission's jurisdictional argument. Dr. Hendrik Bessembinder's report states that the Commission retained him to provide his opinions regarding the natural gas markets "with an emphasis on . . . the potential effects of false data submitted to index compilers." (Expert Report of Hendrik Bessembinder, dkt. #161, ex. 5, p. 2). Certain opinions contained in the report would be entirely superfluous if the Commission is not required to present evidence to prove its basis for jurisdiction.

For instance, one of the expert's stated opinions, which presumably the Commission will seek to introduce into evidence at trial, is that "prices in all natural gas markets, including the

NYMEX futures market, can be adversely affected by the submission of false trade information to index compilers." (*Id.*, p. 3). On the one hand, the Commission contends this is relevant evidence, but then, on the other hand, the Commission claims that it does not have to prove its factual basis for jurisdiction. This demonstrates the inconsistency of the Commission's position that it need not prove the factual basis of its jurisdiction. Furthermore, if the Commission's motion to exclude Martin from offering any evidence or argument related to jurisdiction were granted, Martin could be precluded from cross-examining Dr. Bessembinder on his opinions such as this, as well as from offering evidence to dispute Dr. Bessembinder's conclusions. This result is patently unfair, and Martin should not be prevented from introducing highly relevant evidence regarding the Commission's asserted basis for jurisdiction.

The Commission's request to exclude Martin's evidence regarding jurisdiction is not only overreaching and unfair; it attempts to revise the Court's decisions in this case by stating that this Court has already held that the Commission has jurisdiction over Martin's alleged conduct. This is decidedly not the case: rather, the Court made a very narrow ruling regarding the applicability of certain exemptions contained in the Commodity Exchange Act. Martin's Motion to Dismiss, filed April 7, 2005 (*see* Dkt. #23), argued that the Commission lacked jurisdiction because his alleged conduct was exempt from regulation pursuant to 7 U.S.C. §§ 2(g) and 2(h). The Court ultimately rejected this argument, holding that "because the exemptions found in §§ 2(g) and 2(h) do not apply to Defendants' reporting activities, which are the subject of the Complaint, the Court finds that

dismissal of the Complaint on this ground is not warranted." (Order, dated Aug. 1, 2005, dkt. #47, p.7).[1]

Now, however, the Commission wishes to re-characterize the narrow basis of the Court's jurisdictional decision and contend that Martin should be excluded from offering any and all evidence and argument relating to the Commission's jurisdiction. The Court's previous decision does not support the broad exclusion the Commission seeks, and in fact, the sheer overbreadth of the Commission's motion is sufficient reason for the Court to deny the motion. *First Sav. Bank, F.S.B. v. U.S. Bancorp*, 117 F. Supp. 2d 1078, 1082 (D. Kan. 2000) ("The court may deny a motion *in limine* when it lacks the necessary specificity with respect to the evidence to be excluded.").[2]

### III. Use of Demonstrative Exhibits Showing Information on the Commission's Website

The Commission's motion *in limine* also takes issue with Martin's disclosure of his intention to use certain demonstrative exhibits that contain materials and information at the Commission's website. As a result, the Commission has requested that the Court "order or direct Martin to list and provide a readily identifiable description of all materials that are 'contained on or linked to the CFTC website." (Motion *In Limine*, dkt. #232, p. 11).

As a result of the Court's March 22, 2007 Order denying Martin's appeal of the magistrate judge's decision regarding the Commission's request for a protective order, Martin no longer intends

---

[1] As a result of this decision, Martin has no intention to re-argue the applicability of 7 U.S.C. §§ 2(g) and 2(h).

[2] As a practical matter, if the Commission's motion is granted, it will likely be extremely difficult to implement. This is because the Commission is seeking to exclude a category of evidence, rather than specific testimony and exhibits. Thus, Martin would be forced to prepare for trial not knowing whether the Commission will, at trial, seek to characterize testimony and evidence as related to jurisdiction.

to use demonstrative exhibits that contain information from the CFTC's website and voluntarily withdraws his designation without stipulating to the relevance of the material contained on the wesbite. It is nonetheless worth noting that Martin vigorously disputes his March 15, 2007 designation as a "dragnet." (*Id.*). Surely the Commission is well aware of the contents of and information available on the website that it created and maintains.

## CONCLUSION

Martin voluntarily has stipulated that he will not offer any PUMP Act Evidence or Congressional Testimony, and has voluntarily withdrawn his March 15, 2007 designation relating to demonstrative exhibits of information contained on the Commission's website. For the reasons stated above, Martin respectfully requests that the Court deny the Motion *in Limine* to the extent that it seeks to exclude evidence and argument related to the factual basis of the Commission's asserted jurisdiction.

Respectfully submitted,

/s/ Thomas M. Ladner
**Thomas M. Ladner**, OBA #5161
**Angela Freeman Porter**, OBA # 17283
**Steven M. Ruby**, OBA #20823
NORMAN WOHLGEMUTH CHANDLER & DOWDELL
401 South Boston Avenue
2900 Mid-Continent Tower
Tulsa, Oklahoma 74103
(918) 583-7571
(918) 584-7847 (Facsimile)

**ATTORNEYS FOR DEFENDANT,
ROBERT L. MARTIN**

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of March, 2007, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

James A. Garcia
Michael Solinsky
U.S. Commodity Futures
    Trading Commission
Division of Enforcement
1155 21st Street, N.W.
Washington, DC  20581

Kevin C. Leitch
Assistant U.S. Attorney
Northern District of Oklahoma
110 W. 7th Street, Suite 300
Tulsa, OK  74119

David R. Cordell
R. Richard Love, III
Conner & Winters
4000 One Williams Center
Tulsa, OK  74172

James K. Robinson
Jeannine F. D'Amico
Cadwalader, Wichersham & Taft, LLP
1201 F. Street, N.W.
Suite 1100
Washington, DC  20004-1218

/s/ Thomas M. Ladner
**Thomas M. Ladner**

J: Common ret ~ Martin (U.S.FTC) pleadings Limine RSP.2.MIL.re PUMP Act and jurisdiction.wpd